

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Brady P. Gentry
Chairman, Texas Highway Commission
Austin, Texas

Dear Sir:

Opinion No. 0-2664
Re: Traveling expenses of highway com-
missioners and other representa-
tives of the State Highway De-
partment to attend a meeting of
the American Association of State
Highway Officials.

We have given careful consideration to your letter
of August 20, wherein you ask us to advise you if attendance
of the Commissioners and selected representatives of the
State Highway Department at the meeting of the American Asso-
ciation of State Highway Officials is for state business pur-
poses pertaining to your department and if their traveling
expenses will be eligible for payment out of the State Highway
Fund.

You advise in your letter that the Association will
hold this meeting in Seattle, Washington, September 16-19, in-
clusive, for the purpose of discussing matters of administra-
tion, finance, construction, maintenance, design, testing,
etc., by the engineers of the various Highway Departments and
the United States Public Roads Administration.

You likewise enclose a copy of a letter of date
August 7, 1940, addressed to you by the Honorable Thomas H.
McDonald, Commissionersof the United States Public Roads Ad-
ministration, which letter states that it is important that
your department have representatives at the meeting.

Cooperation between the State Highway Department
and the Federal Government in respect to the construction of
highways is expressly provided for in Article 6674q-4, Revised
Civil Statutes of Texas, which enumerates as one of the objects

Honorable Brady P. Gentry, Page 2


for which the State Highway Fund is dedicated:

"(b) For the construction, in cooperation with
the Federal Government to the extent of Federal aid
to the states, of highways of durable type of the
greatest public necessity."

It is clear, therefore, that cooperation with the
Federal Government in the construction of highways to the
extent of Federal aid to the States, by your department, is
especially made the business of your department, and atten-
dance upon meetings held for the purpose of effecting such
cooperation is the performance of a part of the State's
business committed by law to your department.

A more serious question rises, however, in connec-
tion with the matter of payment of traveling expenses in-
curred in attending such meeting. This is by reason of the
fact that Senate Bill 427, Acts of the 46th Legislature, has
expressly prohibited the payment of traveling expenses in-
curred in going to any type of convention within the state
or without the state.

In our opinion No. 0-1737, we construed the term
"convention", as used in Senate Bill 427, as follows:

"We are impelled, therefore, to the conclu-
sion that the Legislature used the word 'conven-
tion' in its especial or popular, rather than its
broad, significance, conveying the idea, gen-
erally, of (a) meeting of members or delegates
of a private organization, party, club, society,
or the like, for the accomplishment of some
common object."

In this opinion we pointed out that it could not
have been intended by the Legislature that the restriction
against paying traveling expenses to conventions should
apply to authorized meetings called by agencies of govern-
ments for the purpose of accomplishing the functions of
government imposed upon them, and that to apply such a
construction would be to impute to the Legislature an intent
to paralyze by indirection the administration of the very

Honorable Brady P. Gentry, Page 3

affairs of government for which appropriations were made at length in Senate Bill 427 of the 46th Legislature.

Whether you may be reimbursed for expenses incurred in attendance upon the meeting described, therefore, depends upon whether such a meeting is a "convention" within the meaning of Senate Bill 427. This, in turn, depends upon a determination of the question whether the meeting is one of the members or delegates of a private organization.

In this connection, we are advised by your Mr. Green that the American Association of State Highway Officials was organized more than 20 years ago. Mr. Green advises us that the occasion for the organization of the Association was a request by the officials of the Public Roads Administration of the Federal Government that such an organization be effected as a instrumentality for the promotion of effective cooperation between the states and Federal governments in respect to the construction of highways. This statement of the origin of the Association and the purpose to be accomplished by it is corroborated in your letter of January 26, 1940, to this department, a portion of which is quoted in our opinion No. O-1903, as follows:

> "The membership of the American Association of State Highway Officials is composed of representatives of the Public Roads Administration and all of the Highway Departments of the states and territories of the United States. The association is recognized by the Public Roads Administration as the policy-forming organization in matters of administration, accounting, design, construction, materials testing, maintenance, methods and procedure, and such policies and procedures as are set forth and adopted by the Association are incorporated in the standards, requirements and reports required by the Public Roads Administration of the State Highway Departments. The executive committee of the Association has full authority to review the United States numbered roads system and the numbering and marking thereof, and to make additions,

> changes, revisions, extensions, or reductions
> in said road system, and to revise the mark-
> ing prescribed for such roads. . . ."

It is not to be questioned that the members of your department might, at the request of the Public Roads Administration of the United States, assemble in Washington, D. C., or some other point, with similar representatives from other states, for a joint discussion of the methods of cooperation between the state and Federal agencies with respect to the construction of highways. This would not be a convention, because it would not be a meeting of a private organization. If, in this meeting, it should be decided that the business of the meeting might be more expeditiously handled by organizing the conference, elect-ing officers, and selecting committees, there would still be no convention, for the reason that, though there would be an organization, that organization would not be private in character. It appears to us, and we so hold, that this is substantially what has been done in effecting the or-ganization known as the American Association of State Highway Officials. Considering the history of the organization of the Association, and the purposes for which it was organized, and the nature of its functions and its relation to the Federal agency, we are of the opinion that it is not "a private organization", but, on the contrary, has been vested with an official character.

You are therefore advised that the traveling ex-penses incurred in attending the meeting of this organization will be eligible for payment out of the appropriations made to your department by the Legislature for traveling expenses.

Yours very truly

APPROVED AUG 31, 1940

FIRST ASSISTANT
ATTORNEY GENERAL

ATTORNEY GENERAL OF TEXAS

By

R. W. Fairchild
Assistant

RWF:GO

THIS OPINION CONSIDERED AND APPROVED IN LIMITED CONFERENCE